NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAJA MITTAL, | No. 17-16081 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01037-KJD-VCF |
| v. | |
| COUNTY OF CLARK; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted March 13, 2018[**]

Before: LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Raja Mittal appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims arising from state custody proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed Mittal's federal claims against defendants County of Clark, Clark County Department of Family Services, Clark County Child Protective Services, and the County employees for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because the claims constitute a forbidden "de facto appeal" of a prior state court judgment, or are "inextricably intertwined" with that judgment. *See Noel v. Hall*, 341 F.3d 1148, 1163-65 (9th Cir. 2003) (discussing application of *Rooker-Feldman* doctrine); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine barred plaintiff's claim because alleged legal injuries arose from the "state court's purportedly erroneous judgment" and the relief sought "would require the district court to determine that the state court's decision was wrong and thus void").

The district court properly dismissed Mittal's federal claims against defendants Nyarko, Downey, Harder, Jarman, and Draskovich because Mittal failed to allege facts sufficient to state plausible claims for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (plaintiff must plead sufficient factual matter to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct); *see also West v. Atkins*, 487 U.S. 42, 48 (1988) (to state a claim under § 1983 a plaintiff must show that the alleged deprivation was committed by a person acting under color of state law); *Trerice v. Pedersen*, 769

2                                                                    17-16081

F.2d 1398, 1403 (9th Cir. 1985) (a § 1986 claim must be premised on a valid §

1985 claim); *Bretz v. Kelman*, 773 F.2d 1026, 1028-30 (9th Cir. 1985) (en banc)

(elements of a § 1985 claim).

The district court properly dismissed Mittal's state law claims for negligence

per se and medical malpractice against Nyarko, Downey, Harder, and Jarman

because Mittal failed to allege facts sufficient to state plausible claims for relief.

*See Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1283 (Nev.

2009) (setting forth elements of negligence per se claim under Nevada law);

*Washoe Med. Ctr. v. Second Judicial Dist. Court of State of Nev. ex rel. County of

Washoe*, 148 P.3d 790, 794 (Nev. 2006) ("[A] medical malpractice complaint filed

without a supporting medical expert affidavit is void ab initio, meaning it is of no

force and effect." (citation omitted)).

The district court did not abuse its discretion by declining to exercise

supplemental jurisdiction over Mittal's state law claims against Draskovich.

*See Notrica v. Bd. of Sup'rs of Cty. of San Diego*, 925 F.2d 1211, 1213-14 (9th Cir.

1991) (setting forth standard of review and explaining that judicial economy,

convenience, fairness, and comity should be considered in deciding whether to

hear pendant state law claims).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, including the district court's dismissal of Mittal's claims

against defendant Katowich, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**